**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT BROWN, | : | |
| | | Civil Action No. 04-5614 (JBS) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| WARDEN JOHN NASH, | : | |
| et al., | | |
| Respondents. | : | |

**APPEARANCES:**

Robert Brown  
USP Canaan  
P.O. Box 300  
Waymart, PA 18472  
    Petitioner Pro Se

Irene E. Dowdy  
Office of the U.S. Attorney  
402 East State Street  
Suite 430  
Trenton, NJ 08608  
    Attorney for Respondents

**SIMANDLE**, District Judge:

    Petitioner Robert Brown, a prisoner previously confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]  The Respondents are the Federal Bureau of Prisons and Warden John Nash.

## I.   BACKGROUND

On March 30, 2000, Petitioner Robert Brown was sentenced in the United States District Court for the Southern District of New York to a term of imprisonment of 240 months, with three years of supervised release to follow.  Petitioner's anticipated release date is July 13, 2016.

In his Petition, Petitioner challenged Bureau of Prisons ("BOP") regulations governing consideration of prisoners for placement in Community Corrections Centers, see 28 C.F.R. §§ 570.20, 570.21, alleging that they conflicted with the federal statute setting forth factors to guide the BOP's exercise of discretion in making placement decisions, see 18 U.S.C. § 3621(b).  Petitioner asked this Court to order Respondents to transfer him to placement in a community corrections center ("CCC") or home confinement, pursuant to 18 U.S.C. § 3621(b).  In his separate Memorandum in Support, Petitioner also challenged

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

the Respondents' decision not to employ him in the Federal Prison Industries.

By Opinion and Order [Docket Items 16 & 17] entered November 29, 2005, this Court found the challenged regulations valid, denied the request for an order of transfer to a CCC, and dismissed without prejudice the claim regarding employment in the Federal Prison Industries.  Petitioner appealed.

After Petitioner filed his Notice of Appeal, the U.S. Court of Appeals for the Third Circuit held that the challenged BOP regulations were invalid.  See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 (3d Cir. 2005).  Thereafter, the Court of Appeals vacated this Court's judgment with respect to the claim regarding the CCC regulations and remanded for further proceedings in light of Woodall.

Also while the appeal in this matter was pending before the Court of Appeals, Petitioner was transferred to the Federal Correctional Institution at Allenwood, Pennsylvania.  While there, Petitioner filed in the U.S. District Court for the Middle District of Pennsylvania another petition for writ of habeas corpus, again seeking an order compelling his custodian to transfer him to a CCC pursuant to § 3621, citing as support the Woodall decision.  See Brown v. Hogsten, Civil Action No. 06-0262 (M.D. Pa.).  That Court denied relief, and Petitioner again appealed to the Court of Appeals for the Third Circuit.

3

While that appeal was pending, Respondents filed their Supplemental Answer here, arguing that in its present posture this Petition is a prohibited successive petition which should be dismissed and, alternatively, that the Petition is meritless.[2] Petitioner has filed a Declaration in opposition to dismissal.

The Court of Appeals has recently issued its decision in Brown v. Hogsten, No. 06-3521, affirming the denial of relief by the District Court for the Middle District of Pennsylvania. The court stated:

> Brown argues that he is eligible for immediate transfer to a CCC pursuant to 18 U.S.C. § 3621(b) and this court's recent decision in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). ...
>
> The Bureau of Prisons (BOP) has the authority under § 3621(b) to determine the location of an inmate's imprisonment. The statute not only grants the BOP placement authority, but also lists factors for consideration in making placement and transfer determinations: ... However, the grant of authority in § 3621(b) must be read in conjunction with § 3624(c), which obligates the BOP to prepare prisoners for community re-entry by, inter alia, placing them in community confinement: ... .
>
> In Woodall, we held that the BOP's regulations[, 28 C.F.R. §§ 570.20, 570.21,] regarding placement in a CCC were invalid because they
>
>> do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the

---

[2] Petitioner also filed a Motion [Docket Item 27] for Default Judgment. Respondent's Supplemental Answer was timely filed and the Motion will be denied. See Fed.R.Civ.P. 6(a).

4

> purposes for the sentence.  And yet, according to
> the text and history of § 3621, these factors must
> be taken into account.  The regulations are
> invalid because the BOP may not categorically
> remove its ability to consider the explicit
> factors set forth by Congress in § 3621(b) for
> making placement and transfer determinations.

432 F.3d at 244 (footnote omitted).  Therefore, we concluded that "the BOP may transfer an inmate to a CCC or like facility prior to the last six months or ten percent of his sentence."  Id. at 251.  We reminded the BOP that "[i]n exercising its discretion ..., the BOP must consider the factors set forth in § 3621(b)."  However, we noted "that the BOP may assign a prisoner to a CCC does not mean that it must."  Id.  Rather, the BOP is required "to consider -- in good faith" whether to transfer an inmate to a CCC.  Id.  In making this decision, the BOP should consider all of the factors in § 3621, as well as any other appropriate factors it routinely considers but without reference to the 2002 and 2005 policies.  Id.

    Contrary to Brown's assertions, Woodall does not require his immediate transfer to a CCC to serve the remainder of his sentence.  Instead, Woodall prescribes the steps the BOP should take when considering "in good faith" a prisoner's placement in a CCC.  The District Court correctly held that Brown is not entitled to immediate placement in any particular facility, including a CCC.  See Leving v. Apker, 455 F.3d 71, 80 (2d Cir. 2006).

Brown v. Hogsten, No. 06-3521, slip op. at 2-5 (3d Cir. Jan. 30, 2007).

This matter is now ready for disposition.

## II.  ANALYSIS

This Court agrees that this Petition raises the same claim raised by Petitioner in his petition filed in the U.S. District Court for the Middle District of Pennsylvania, which was decided against him on the merits there and in the Court of Appeals.

5

Title 28 Section 2244(a) provides that "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Thus, principles of res judicata and collateral estoppel do not apply in habeas proceedings. See Sanders v. United States, 373 U.S. 1, 6-7 (1963).

The Court of Appeals for the Third Circuit has held that traditional "abuse of the writ" analysis applies to successive § 2241 petitions. Zayas v. INS, 311 F.3d 247 (3d Cir. 2002) (citing McCleskey v. Zant, 499 U.S. 467 (1991)). In McCleskey v. Zant, the Supreme Court reviewed the history of its approach to successive petitions, generally, including those raising issues previously decided on the merits.

> As appellate review became available from a decision in habeas refusing to discharge the prisoner, courts began to question the continuing validity of the common-law rule allowing endless successive petitions. ... Some courts rejected the common-law rule, holding a denial of habeas relief res judicata. ... Others adopted a middle position between the extremes of res judicata and endless successive petitions. ...
>
> We resolved the confusion over the continuing validity of the common-law rule, at least for federal courts, in Salinger v. Loisel, 265 U.S. 244, 44 S.Ct. 519, 68 L.Ed. 989 (1924), and Wong Doo v. United States, 265 U.s. 239, 44 S.Ct. 524, 68 L.Ed. 999

(1924). These decisions reaffirmed that res judicata does not apply "to a decision on habeas corpus refusing to discharge the prisoner. ... they recognized, however, that the availability of appellate review required a modification of the common-law rule allowing endless applications. As we explained in Salinger:

> "In early times when a refusal to discharge was not open to appellate review, courts and judges were accustomed to exercise an independent judgment on each successive application, regardless of the number. But when a right to an appellate review was given the reason for that practice ceased and the practice came to be materially changed...." 265 U.S., at 230-231, 44 S.Ct., at 521.

Relying on Justice Field's opinion in Ex parte Cuddy, we announced that second and subsequent petitions should be

> "disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety o the discharge sought. Among the matters which may be considered, and even given controlling weight, are (a) the existence of another remedy, such as a right in ordinary course to an appellate review in the criminal case, and (b) a prior refusal to discharge on a like application." 265 U.S., at 231, 44 S.Ct., at 521.

... So while we rejected res judicata in a strict sense as a basis for dismissing a later habeas action, we made clear that the prior adjudication bore vital relevance to the exercise of the court's discretion in determining whether to consider the petition.

McCleskey, 499 U.S. at 479-82.

7

Construing an earlier version of § 2244,[3] which the Court characterized as "plainly ... not intended to change the law as judicially evolved," and § 2255,[4] the Supreme Court held that:

> Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

Sanders v. United States, 373 U.S. 1, 11, 15 (1963) (footnote omitted).

This Petition presents the same ground for relief as was presented in the petition before the District Court for the Middle District of Pennsylvania and to the Court of Appeals for the Third Circuit and as was determined adversely to Petitioner on the merits. Petitioner has failed to suggest any basis to find that the "ends of justice" require this Court to revisit the

---

[3] The version of § 2244 at issue provided that "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

[4] The version of § 2255 at issue provided that "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

claim.  To the contrary, there has been no intervening change in Petitioner's circumstances or the governing law.  Accordingly, this Court will give controlling weight to the prior adjudication of this claim and will dismiss the Petition with prejudice.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed with prejudice.  An appropriate order follows.

**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **May 17, 2007**